# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARK NEWTON SPOTZ,** | : | Civil Action No. 3:02-CV-614 |
| **Petitioner,** | : | (Judge Munley) |
| v. | : | |
| **JOHN E. WETZEL, Commissioner,** Pennsylvania Department of Corrections; **DONALD T. VAUGHN,** Superintendent of the State Correctional Institution at Graterford; **JOSEPH P. MAZURKIEWICZ,** Superintendent of the State Correctional Institution at Rockview, | : | THIS IS A CAPITAL CASE |
| **Respondents** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## **MEMORANDUM**

Presently before the Court is Petitioner Mark Newton Spotz's motion to stay these federal proceedings pending resolution of a separate federal-court challenge to the conviction forming the basis for aggravation in this case. (Doc. 83.) For the reasons set forth below, the motion will be granted.

Petitioner is a state prisoner who has been sentenced to death following his 1996 convictions for first-degree murder and related charges in Schuylkill, York, and Cumberland Counties. Petitioner was also convicted of manslaughter in Clearfield County. All convictions and sentences stem from incidents that

occurred between January 31 and February 3, 1995.

On April 11, 2002, Petitioner filed motions for leave to proceed *in forma pauperis*, for appointment of federal habeas corpus counsel, and for a stay of execution, with respect to his Cumberland County conviction and death sentence. (Docs. 1-3.) The Court granted these motions, (*see* Docs. 6, 7), but on November 27, 2002, denied another motion filed by Petitioner which sought to hold these habeas proceedings in abeyance pending completion of his state court proceedings, (*see* Doc. 25). Instead, the Court dismissed the habeas petition without prejudice and closed the case. (Doc. 25.)

Nearly ten years later, Petitioner filed a motion to reinstate these habeas proceedings. (Doc. 27.) By Memorandum and Order issued on May 31, 2011, the Court granted Petitioner's motion and reopened the case. (Doc. 28.) Subsequently, Petitioner filed a habeas petition on June 8, 2011. (Doc. 31.)

Prior to disposition of the habeas petition, on November 29, 2011, Petitioner filed a motion to stay these federal proceedings pending resolution of a state-court challenge to the Clearfield County conviction. (Doc. 35.) The Court granted the stay by Memorandum and Order dated April 19, 2012.[1] (Doc. 43.) Over two years later, Petitioner filed a notice indicating that the Pennsylvania courts had fully

---

[1] Stays were also issued in Petitioner's two other habeas proceedings in the Middle District. *See Spotz v. Beard*, 3:06-CV-00955 (M.D. Pa.) (Munley, J.) (Doc. 43); *Spotz v. Beard*, 1:12-CV-1327 (M.D. Pa.) (Kane, J.) (Doc. 25).

addressed his challenge to the Clearfield County conviction. (Doc. 48.) Specifically, on January 17, 2014, the Supreme Court of Pennsylvania reversed a grant of relief issued by the Pennsylvania Superior Court and remanded for disposition of Petitioner's remaining post-conviction claims. *See Commonwealth v. Spotz*, 84 A.3d 294 (Pa. 2014). The Superior Court then issued an opinion on April 4, 2014, denying relief on the remaining claims. *See Commonwealth v. Spotz*, 103 A.3d 522 (Pa. Super. Ct. 2014). Petitioner did not seek allowance of appeal in the Pennsylvania Supreme Court. Meanwhile, in this Court, on July 24, 2014, the Court lifted the stay of these proceedings and issued a scheduling notice of filings and procedures. (Doc. 49.) Since that time, this case has been proceeding with various filings by the parties, including a motion for discovery filed by Petitioner on February 17, 2015. (*See* Docket; Doc. 76.)

In the instant motion, Petitioner informs the Court that, on December 3, 2014, he filed a petition for writ of habeas corpus in the Western District of Pennsylvania, further challenging the Clearfield County conviction. *See Spotz v. Wetzel*, 3:14-CV-00262 (W.D. Pa.) (Doc. 1). That habeas petition remains pending. As a result, Petitioner now seeks a further stay and abey of these proceedings pending resolution of that Clearfield County matter currently before the Western District Court. As he did in his previously-filed motion for a stay, Petitioner contends that the instant proceedings should be placed in abeyance

pending final disposition of the challenge to the Clearfield County conviction because of the "inextricable interrelationship" between the conviction and sentence in that county and Petitioner's conviction and sentence in Cumberland County at issue here.[2]  (Doc. 83 ¶ 4.)  Now Petitioner's challenge to his Clearfield County conviction has simply moved from state to federal court; nevertheless, Petitioner argues, a stay is still appropriate here.  Respondents have not filed a response to the instant motion and, therefore, it is deemed unopposed.  (*See* Docket; M.D. L.R. 7.6.)

The Court agrees with Petitioner and will grant the motion to stay these proceedings subject to the conditions hereafter set forth.

In *Rhines v. Weber*, 544 U.S. 269 (2005), the United States Supreme Court found that under certain circumstances it is appropriate to stay and abey the federal habeas proceedings while the petitioner exhausts his unexhausted claims in state court. *Id.* at 277-78.  In particular, the Supreme Court held that "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed

---

[2] In the sentencing determination in Cumberland County, the jury found that there were one or more aggravating circumstances which outweighed any mitigating circumstances. *See Commonwealth v. Spotz*, 716 A.2d 580, 584-85 (Pa. 1998).  Two of those aggravating circumstances related to the incident which occurred in Clearfield County: the defendant has a significant history of felony convictions involving the use or threat of violence to the person, *see* 42 Pa. Cons. Stat. § 9711(d)(9), and the defendant has a conviction of voluntary manslaughter committed either before or at the time of the offense at issue, *see* 42 Pa. Cons. Stat. § 9711(d)(12).  *See Spotz*, 716 A.2d at 585 n.4.

4

petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

Under the circumstances presented in these habeas proceedings, and recognizing that Petitioner is now proceeding with his challenge to the Clearfield County conviction in federal court rather than state court, nevertheless, the Court will apply *Rhines* in favor of a stay of litigation in this case while Petitioner awaits final disposition by the federal courts of that Clearfield County conviction, the impact of which directly relates to these proceedings. However, this stay will be conditioned upon Petitioner returning to this federal court within thirty (30) days of the conclusion of his federal court proceedings on his Clearfield County conviction. *See id.*, 544 U.S. at 278 ("district courts should place reasonable time limits on a petitioner's trip to state court and back") (citing *Zarvela v. Artuz*, 254 F.3d 374, 381 (2d Cir. 2001) (thirty days is a reasonable time interval to give a petitioner to return to federal court following pendency of state court proceedings)).

An appropriate order will follow.

                                         **BY THE COURT:**

                                         **s/James M. Munley**
                                         **JUDGE JAMES M. MUNLEY**
                                         **United States District Court**